IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANTE JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 3:18-cv-231 |
| | ) Judge Stephanie L. Haines |
| CORRECTIONS OFFICER | ) |
| HERSHENBERGER, *et al.*, | ) |
| | ) |
| Defendant. | |

**MEMORANDUM AND ORDER**

This is a civil rights case brought under 42 U.S.C. § 1983 by Dante Jackson ("Plaintiff"), a prisoner incarcerated at SCI- Houtzdale, alleging violations of his rights under the Eighth and Fourteenth Amendments. This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

Plaintiff commenced this action by filing a Complaint on November 16, 2018 (ECF 3). After screening the Complaint pursuant to 28 U.S.C. § 1915A, Magistrate Judge Pesto recommended dismissing in part Plaintiff's Complaint with leave to amend (ECF 2). Specifically, Magistrate Judge Pesto determined that Plaintiff's allegations that Defendant Corrections Officer Harkel assaulted Plaintiff on September 26, 2018 adequately stated a claim under *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). However, Magistrate Judge Pesto found that Plaintiff failed to state an actual injury in his right of access to court claim and that his retaliation and conspiracy claims were conclusory and legally deficient. Accordingly, Magistrate Judge Pesto recommended those claims be dismissed with leave to amend.

On September 11, 2019, Plaintiff filed an Amended Complaint (ECF 20). Plaintiff's

1

Amended Complaint names the following Defendants: Major Barrows, Deputy Close, Correctional Officer Dufour, Correctional Officer Harkel, Correctional Officer Hershenberger, Deputy Ivicic, Correctional Officer Lantz, Captain Lewis, Lieutenant Porta, Deputy Salamon, Barry Smith, John Doe 1, and Sergeant Newell. The allegations in Plaintiff's Amended Complaint are numerous but largely reiterate the allegations from his original Complaint that Defendants conspired together to deprive him of his constitutionally protected rights in retaliation for filing grievances and interfered with his right to access the courts. After screening the Amended Complaint, Magistrate Judge Pesto determined that Plaintiff failed to cure the previously identified deficiencies and recommended that all claims be dismissed, without leave to amend, with the exception of Plaintiff's allegations against Defendant Corrections Officer Harkel regarding the September 26, 2018 incident of abuse. (ECF 23). Magistrate Judge Pesto then ordered the Amended Complaint to be served on Defendant Harkel.

On April 7, 2020, Plaintiff filed Objections (ECF 24) to Magistrate Judge Pesto's Report & Recommendation filed at ECF 23. In his Objections, Plaintiff contends that he stated sufficient facts to support his retaliation, conspiracy, and right of access to the court claims against the Defendants. When a party objects timely to a magistrate judge's report and recommendation, the district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)); *see also* Local Civil Rule 72.D.2. Upon *de novo* review of the record and the Report and Recommendation, and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of the Magistrate Judge in this matter.

2

In a § 1983 action, the court must liberally construe the pro se litigant's pleadings and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)). Notwithstanding this liberality, pro se litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

Reading Plaintiff's allegations liberally, Plaintiff primarily asserts that he is being deprived of his constitutional rights in retaliation for filing grievances. Plaintiff's Amended Complaint alleges that, in retaliation for filing claims and grievances, he has been deprived of meals, placed in the Restrictive Housing Unit ("RHU"), labeled as a "rat", deprived of his privileged mail, forced to sleep on a dirty mattress, and deprived of showers and hygiene, among other alleged abuses. (ECF 24 at 5-7). Plaintiff asserts that the various Defendants are in a conspiracy to retaliate against him.

As the United States Court of Appeals for the Third Circuit has explained, the elements of a retaliation claim are: "(1) constitutionally protected conduct, (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him." *Williams v. Sec'y Pa. Dep't of Corr.*, 566 F. App'x 113, 117 (3d Cir. 2014) (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)). The requisite causal connection can be demonstrated by "(1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." *Id*. (quoting *Lauren W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007).

The retaliation claims in Plaintiff's Amended Complaint are properly dismissed as they fail to plead facts to establish any basis of causation, let alone facts to establish a connection between the filing of any grievances and the alleged abuses. *See Williams*, 566 Fed. Appx. at 117 (3d Cir. 2014). Aside from the allegations against Defendant Harkel relating to the September 26, 2018 incident of abuse, the remainder of the claims in Plaintiff's original Complaint did not contain facts that showed cognizable legal claims against any one Defendant. Though given leave to amend, Plaintiff's Amended Complaint similarly contains only conclusory allegations of retaliation and conspiracy against various groups of Defendants, failing to enumerate the actions of any one Defendant, let alone establish the elements to maintain a claim for retaliation against these Defendants.

Plaintiff also repeatedly refers to a conspiracy between the various Defendants to deprive him of his constitutional rights. Where a civil rights conspiracy is alleged, there must be specific facts in the complaint which tend to show a meeting of the minds and some type of concerted activity. *Deck v. Leftridge*, 771 F.2d 1168, 1170 (8th Cir. 1985). A plaintiff cannot rely on subjective suspicions and unsupported speculation. *Young v. Kann*, 926 F.2d 1396, 1405 n. 16 (3d Cir. 1991). Plaintiff's Amended Complaint does not contain facts in support of his conclusory claims of conspiracy.

Plaintiff's Objections contain lengthy recitals of case law but ultimately are unavailing as they also do not contain facts to make out cognizable claims against any one Defendant. The Objections, like Plaintiff's Complaint and Amended Complaint, simply list the Defendants that Plaintiff believes bear responsibility for his conclusory retaliation and conspiracy claims, without facts to support these claims or describe any one Defendant's role in these claims.

Plaintiff also fails to state a valid claim that his right to access to the courts has been violated. Prisoners do have a fundamental right to access the courts. *Lewis v. Casey*, 518 U.S. 343, 346, 116 S. Ct. 2174 (1996). However, a prisoner making an access to the courts claim is required to show that the denial of access caused actual injury. *Id*. at 352-53. Actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. *Christopher v. Harbury*, 536 U.S. 403, 415, 122 S. Ct. 2179 (2002). The complaint must describe the underlying arguable claim well enough to show that it is "more than mere hope", and it must describe the "lost remedy". *Id*. at 416-17.

Plaintiff describes that Defendant Hershenberger sat in on an attorney-client telephone call, that various Defendants destroyed his legal documents, and confiscated his legal mail. However, Plaintiff's Amended Complaint failed to identify any injury to a claim or legal defense from these actions. Plaintiff then summarily states in his Objections that, as a result of the alleged destruction of his legal documents, he lost his claims under the Pennsylvania Post Conviction Relief Act ("PCRA") but he does not describe his legal claims under the PCRA nor how such claims were impacted by the alleged loss of these documents. The facts alleged in the Amended Complaint fail to plausibly suggest that Plaintiff's right of access to the courts was compromised under the standard above.

Plaintiff's Amended Complaint failed to cure the identified pleading deficiencies from his original Complaint, and Plaintiff's Objections simply repeat these conclusory allegations. The record supports that leave to amend these claims would be futile and inequitable. *See Grayson v. Mayview State Hospital*, 293 F.3d 103 (3d Cir. 2002). The Court finds that Plaintiff's Objections do not undermine the recommendation of the Magistrate Judge, and Plaintiff's Objections to the Report and Recommendation are overruled.

Accordingly, the following order is entered:

## **ORDER OF COURT**

AND NOW, this 2nd day of July, 2020, IT IS ORDERED that Plaintiff's Objections (ECF 24) to the Magistrate Judge's Report and Recommendation (ECF 23), hereby are **overruled**; and Magistrate Judge Pesto's Report and Recommendation (ECF 23) is adopted as the opinion of the Court.

s/*Stephanie L. Haines*
Stephanie L. Haines
United States District Judge